IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     ) CRIM. CASE NO. 2:21-cr-167-ECM<br>)<br>HOWARD LEE COOPER, JR.   ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Howard Lee Cooper, Jr.'s motion to continue trial (doc. 36) filed on October 4, 2021.  Jury selection and trial are presently set on the term of court commencing on October 18, 2021.  For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that additional time is necessary to review voluminous records and advise the Defendant on how to proceed, including the possibility of resolving this case without the need for a trial. In addition, the Defendant is suffering from multiple health issues and is scheduled for surgery on October 26, 2021. The United States does not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Thus, for good cause, it is

ORDERED that the motion to continue (doc. 36) is GRANTED, and jury selection and trial are CONTINUED from October 18, 2021 to the criminal term of court set to commence on February 7, 2022 at 10:00 a.m. in Montgomery, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the February trial term. It is further

ORDERED that the status conference set for October 6, 2021 is CANCELED.

Done this 5th day of October, 2021.

        /s/Emily C. Marks
       EMILY C. MARKS
       CHIEF UNITED STATES DISTRICT JUDGE